DALE DOWDEN V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-314-CR

DALE DOWDEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Dale Dowden appeals from his conviction for misdemeanor assault.  On August 15, 2003, this court informed Dowden by letter that it was concerned it lacked jurisdiction over the appeal because the notice of appeal was untimely filed.  Dowden filed a response to our letter, which we have considered.  We dismiss for want of jurisdiction. 

The trial court imposed sentence on April 7, 2003, but did not sign the final judgment until May 9, 2003.  Dowden filed a motion for new trial on June 2, 2003, and his notice of appeal on August 1, 2003.  Under rule 21.4, a defendant’s motion for new trial is timely if filed “before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.”  
Tex. R. App. P
.
 21.4(a).  Because the trial court imposed sentence on April 7, Dowden’s motion for new trial needed to be filed by May 7 to be timely.  
See id.
  Having filed an untimely motion for new trial, Dowden’s notice of appeal was untimely filed on August 1.  
See
 
Tex. R. App. P.
 26.2(a)(1) (stating notice of appeal must be filed within 30 days after sentence imposed or suspended in court, or after the day the trial court enters an appealable order).  Rule 26.2(a)(2) applies only to notices of appeal filed after a “timely” motion for new trial is filed.  
Tex. R. App. P. 
26.2(a)(2).  

Because Dowden’s notice of appeal was untimely filed, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 43.2(f); 
Olivo v. State
, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). 

SAM J. DAY

JUSTICE

PANEL D: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  September 11, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.